ACCEPTED
03-13-00619-CV
6002657
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/9/2015 3:24:25 PM
JEFFREY D. KYLE
CLERK

CASE NO. 03-13-00619-CV

IN THE COURT OF APPEALS
THIRD COURT OF APPEALS DISTRICT
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
7/9/2015 3:24:25 PM
JEFFREY D. KYLE
Clerk

ARGONAUT INSURANCE COMPANY AND
ARGONAUT GREAT CENTRAL INSURANCE COMPANY,

Appellants,

v.

GLENN HEGAR, COMPTROLLER OF PUBLIC ACCOUNTS OF THE
STATE OF TEXAS, AND KEN PAXTON, ATTORNEY GENERAL OF THE
STATE OF TEXAS,

Appellees.

Appeal from the 261st Judicial District Court, Travis County, Texas
Trial Court Cause No. D-1-GN-11-001584
Hon. Lora J. Livingston, Presiding

APPELLANTS' MOTION FOR REHEARING

Jonathan D. Pauerstein
State Bar No. 15637500
ROSENTHAL PAUERSTEIN
SANDOLOSKI AGATHER LLP
755 E. Mulberry, Suite 200
San Antonio, Texas 78212
Telephone: (210) 225-5000
Facsimile: (210) 354-4034
jpauerstein@rpsalaw.com

Attorney For Appellants

CASE NO. 03-13-00619-CV

IN THE COURT OF APPEALS
THIRD COURT OF APPEALS DISTRICT
AUSTIN, TEXAS

---

ARGONAUT INSURANCE COMPANY AND
ARGONAUT GREAT CENTRAL INSURANCE COMPANY,

Appellants,

v.

GLENN HEGAR, COMPTROLLER OF PUBLIC ACCOUNTS OF THE
STATE OF TEXAS, AND KEN PAXTON, ATTORNEY GENERAL OF THE
STATE OF TEXAS,

Appellees.

---

To The Honorable Third Court of Appeals:

Appellants, Argonaut Insurance Company and Argonaut Great Central Insurance Company, as their Motion For Rehearing pursuant to Texas Rule of Appellate Procedure 49, respectfully state the following:

1.    This Court's opinion erroneously equates the term "authorized insurer" with the term "licensed insurer." To do so, the Court alters the plain wording of the pertinent statute based on an administrative regulation promulgated by the Comptroller. Memorandum Opinion at 7-8. It then errs by deciding that the reinsurance premiums paid by the risk pools at issue in this case are not excluded

2

483350.1

from taxation because they were not paid to Appellants by a licensed insurance company.

2. The pertinent statutes provide that reinsurance premiums received from an "authorized insurer" or an "insurer" are excluded from premium and maintenance taxes. TEX. INS. CODE §§ 221.002(c)(3) and 222.002(c)(3). Neither statute refers to a "licensed" insurer. That term appears in the Comptroller's regulations, but not in the statutes. This is important because this Court must apply the statute as written and cannot add words to it: "A court may not judicially amend a statute by adding words that are not contained in the language of the statute." *Lippincott v. Whisenhunt*, 13-0926, 2015 WL 1967025, at *1 (Tex. Apr. 24, 2015).

3. The term "authorized insurer" is not ambiguous. As the supreme court has written "[w]hen the text of the statute is clear and unambiguous, we apply the statute's words according to their plain and common meaning unless a contrary intention is apparent from the statute's context." *City of Houston v. Bates*, 406 S.W.3d 539, 543-44 (Tex. 2013). "Absent an absurd or unreasonable result, [courts] must give effect to the statute's plain language." *Valdez v. Hollenbeck*, 2015 WL 3640887, at *7 (Tex. June 12, 2015).

4. "The primary meaning of 'authorize' is to empower, or give a right to act." *Caller Times Pub. Co. v. Chandler*, 134 Tex. 1, 130 S.W.2d 853, 856 (1939).

3

483350.1

Under the plain meaning of the words, then, an "authorized insurer" is an entity that is empowered to provide insurance coverage or that has a right to do so.

5.    This Court recognizes that the risk pools have the statutory power to provide coverage to their members and collect premiums and that they are directly liable to their members for covered losses. Memorandum Opinion at 2. The pools thus fall within the definition of an "insurance company" quoted by this Court: "a corporation or association that issues insurance policies." Memorandum Opinion at 8. They also fit within the definitions from Chapters 822, 841, and 101 of the Insurance Code to which this Court refers. *Id.* As a result, the risk pools should be deemed "authorized insurers."

6.    The term "insurance" denotes a certain type of contractual arrangement:

> Insurance is a contract by which one party, for consideration, assumes particular risks on behalf of another party and promises to pay him a certain or ascertainable sum of money on the occurrence of a specified contingency. *Stewart Title Guar. Co. v. Cheatham*, 764 S.W.2d 315, 318-19 (Tex. App.—Texarkana 1988, writ denied). . . . Another essential characteristic of insurance is risk-pooling.

*Emplrs. Reinsurance Corp. v. Threlkeld & Co. Ins. Agency*, 152 S.W.3d 595, 597-98 (Tex. App.—Tyler 2003, pet. denied). Under this definition, as under those cited by the Court, the risk pools provided insurance to their members. *See also In re Texas Ass'n of Sch. Boards, Inc.*, 169 S.W.3d 653, 658 (Tex. 2005) ("The

4

payment of the premium by the insured and the assumption of a specified risk by the insurer are the essential elements of the contract of insurance.").

7.  Nonetheless, the Court concludes that the pools cannot be authorized insurers because they are not licensed by the Department of Insurance. The licensing requirement cannot be found in the plain language of the controlling statutes. It stems only from the Comptroller's regulation, which presumably is meant to narrow the exclusion from taxation in order to drive up tax revenue. By imposing a licensing requirement drawn from this regulation, the Court has engrafted onto the statute a provision that the Legislature did not enact.

8.  Further, the Court's reliance on section 172.014 of the Local Government Code is erroneous. The Court focuses solely on one provision of this statute, which says that risk pools are not insurers. However, as this Court has recognized, it "must consider the statute as a whole and avoid construing any clause, sentence, or phrase in isolation from the rest of the statute." *Sw. Life Ins. Co. v. Montemayor*, 24 S.W.3d 581, 583 (Tex. App.—Austin 2000, pet. denied) (citing *Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex.1985)).

9.  Despite its recognition of this rule of statutory construction, the Court disregards a separate section of Chapter 172 that expressly provides that a *"risk pool may purchase* excess loss coverage or *reinsurance* to insure a pool against financial losses that the pool determines might place the solvency of the pool in

5

financial jeopardy." TEX. LOC. GOV'T CODE § 172.008 (emphasis supplied). Even though the section cited by the Comptroller says that risk pools are not insurance companies, this section expressly allows them to purchase reinsurance. Considering the statutory scheme as a whole, as we must, it plainly authorizes pools to purchase reinsurance. As a result, the pools are authorized both to provide coverage and to purchase reinsurance for the risks they thereby undertake.

10. The Court's reliance on section 101.002 of the Insurance Code in support of its conclusion is also misplaced. That section says that "insurer includes" certain entities. The term "includes" is not a term of limitation:

> "Includes" and "including" are terms of enlargement and not of limitation or exclusive enumeration, and use of the terms does not create a presumption that components not expressed are excluded.

TEX. GOV'T CODE § 312.011(19). The fact that section 101.002 states that certain entities are insurers thus does not mean that other entities are not.

11. The risk pools at issue here are statutorily authorized to provide coverage to their members in return for premiums. The pools also are statutorily authorized to purchase reinsurance. They did so, and the fact that they purchased reinsurance cannot be avoided by seizing on one section of one statutory chapter, or by constructively amending the pertinent statute to add a licensing requirement.

12. The premiums paid by the risk pools were reinsurance premiums and were not subject to premium and maintenance taxes. Accordingly, this Motion For

6

483350.1

Rehearing should be granted, the judgment below should be reversed, and judgment should be rendered in favor of Argonaut and Great Central.

Respectfully submitted,

Jonathan D. Pauerstein
State Bar No. 15637500
ROSENTHAL PAUERSTEIN
SANDOLOSKI AGATHER LLP
755 E. Mulberry, Suite 200
San Antonio, Texas 78212
Telephone: (210) 225-5000
Facsimile: (210) 354-4034
jpauerstein@rpsalaw.com

Attorney For Appellants

483350.1

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that this document contains 1,352 words (counting all parts of the document). The body text is in 14 point font, and any footnote text is in 12 point font.

_Jonathan D. Pauerstein_

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of the foregoing Motion For Rehearing was served via United States Mail, and sent by electronic mail, on this 9th day of July, 2015, to the following counsel of record:

Matthew C. Jones
Financial and Tax Litigation Division
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 475-1369
Facsimile: (512) 477-2348

_Jonathan D. Pauerstein_

8

483350.1